IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HEATHER BRISCOE,**

    **Plaintiff,**

    v.                                      CASE NO. 20-3027-SAC

**ROBERT BEDNER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Atchison County Jail in Atchison, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 12, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until March 12, 2020, to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

Plaintiff's claims relate to her state court criminal case, and she names the state court judge and county prosecutor as the only defendants. Plaintiff alleges in her Complaint that the county prosecutor is attempting to blackmail her, is harassing her, is tampering with evidence, and is attempting to coerce Plaintiff and falsify charges. Plaintiff alleges that these actions have caused her to suffer mental anguish and PTSD.

In the MOSC, the Court found that Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning her criminal case fall squarely within the prosecutorial function. Plaintiff has failed

to show cause why her claims against the county prosecutor should not be dismissed based on prosecutorial immunity.

Plaintiff names a state court judge as a defendant. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity. Plaintiff has failed to show good cause why her claims against the state court judge should not be dismissed.

The Court also found in the MOSC that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff has failed to respond to the MOSC by the deadline and has failed to show good

cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. The MOSC provided that "failure to respond by the deadline may result in dismissal of this action without additional notice." (Doc. 6, at 6.)

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 13, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**